1  WRIGHT, FINLAY & ZAK, LLP
   Jonathan M. Zak Esq., SBN 121592
2  Marvin B. Adviento, Esq., SBN 240315
3  4665 MacArthur Court, Suite 200
   Newport Beach, CA 92660
4  Tel: (949) 477-5050
5  Fax: (949) 608-9142

6  Attorneys for Defendants Ocwen Loan Servicing, LLC, Western Progressive, LLC,
7  Mortgage Electronic Registration Systems, Inc., Altisource Residential
   Corporation, Christiana Trust as Trustee for ARLP Trust 3, Joel Pires, Jason
8  Berkeley, Christian J. Ferrer, Jason Ayers and Samir Margetic
9

10            **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  SATISH SHETTY, An individual, | Case No.: **15-cv-1402-JFW-MRW** |
| 14            Plaintiff, | **DEFENDANTS' NOTICE OF** |
| 15     vs. | **MOTION AND MOTION TO DISMISS PLAINTIFF'S** |
| 16  WESTERN PROGRESSIVE, LLC, A | **COMPLAINT; MEMORAN-DUM OF POINTS AND** |
| 17  California Limited Liability Corporation; | **AUTHORITIES IN SUPPORT** |
| 18  MORTGAGE ELECTRONIC | **THEREOF** |
| 19  REGISTRATION SYSTEMS INC., A | |
|    Delaware Corporation; OCWEN LOAN | **HEARING:** |
| 20  SERVICING, LLC: ALTISOURCE | Date: April 13, 2015 |
| 21  RESIDENTIAL CORPORATION ; | Time: 1:30 PM |
|    Maryland Corporation; CHRISTIANA | Courtroom: 16 |
| 22  TRUST AS TRUSTEE FOR ARLP | |
| 23  TRUST 3, ALTISOURCE RESIDENTIAL | *(Filed concurrently with* |
|    CORPORATION; JOEL PIRES, JASON | *Defendants' Request for Judicial* |
| 24  R. BERKELEY; LUIS ROLDAN, | *Notice)* |
| 25  VICENTE EKACHAI RAMOS; | |
| 26  CHRISTIAN J. FERRER, JASON AYERS, | |
|    SAMIR MARGETIC AND DOES 1 | |
| 27  through 10, inclusive, | |
| 28            Defendants | |

1

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that on April 13, 2015, at 1:30 PM in Courtroom 16 of the above-entitled Court located at 312 N. Spring Street, Los Angeles, CA 90012, Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Western Progressive, LLC ("Western Progressive"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Altisource Residential Corporation ("Altisource"), Christiana Trust as Trustee for ARLP Trust 3 ("Christiana Trust"), Joel Pires ("Pires"), Jason Berkeley ("Berkeley"), Christian J. Ferrer ("Ferrer"), Jason Ayers ("Ayers") and Samir Margetic ("Margetic", collectively "Defendants"), will move this Court for an Order dismissing the Complaint ("Complaint") of Plaintiff Satish Shetty ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
*Shetty v. Western Progressive, et al.*, Court Case No. 15-cv-1402-SJO-MRW

1    This motion is made on the grounds that Plaintiff has failed to state a claim
2    upon which relief may be granted against Defendants, since the claims are
3    insufficient and/or contradicted by matters of which this Court may take judicial
4    notice.  This motion is made on the further grounds that Plaintiff lacks standing to
5    challenge the foreclosure because he was not the borrower or a trustor under the
6    subject deed of trust.   Accordingly, Defendants request this Court dismiss this
7    Complaint with prejudice.
8         Counsel for Defendants have met and conferred with Plaintiff pursuant to
9    Local Rule 7-3 prior to filing this Motion.

10                                    Respectfully submitted,

11                                    WRIGHT, FINLAY & ZAK, LLP

12   Dated: March 5, 2015       By:   /S/ Marvin B. Adviento, Esq.
13                                    Jonathan M. Zak, Esq.
                                      Marvin B. Adviento, Esq.
14                                    Attorneys for Defendants Ocwen Loan
15                                    Servicing, LLC, Western Progressive, LLC,
                                      Mortgage Electronic Registration Systems,
16                                    Inc., Altisource Residential Corporation,
17                                    Christiana Trust as Trustee for ARLP Trust
                                      3, Joel Pires, Jason Berkeley, Christian J.
18                                    Ferrer, Jason Ayers and Samir Margetic
19

20

21

22

23

24

25

26

27

28

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This lawsuit represents yet another frivolous action filed by fledgling vexatious litigant, Satish Shetty ("Shetty"). As in his prior lawsuits[1], Shetty once again seeks to challenge the validity of a loan (and pending foreclosure) to which he is a complete stranger. He is not the borrower, nor did he assume the loan obligations. Instead, when Shetty acquired his nominal interest in January of this year, the loan was almost 10 years old, was 6 years delinquent and was on the eve of foreclosure.  In fact, the grant deed reflecting Shetty's acquisition of his interest was recorded on January 19, 2015, just one day prior to the scheduled foreclosure sale.

Shetty's Complaint does not contain any viable claims for relief. Instead, it is premised on various well-worn wrongful foreclosure theories which seek to establish that the loan is invalid, is no longer secured, is not owned by the party seeking to enforce it or that the pending foreclosure is defective. Nor does the complaint contain any meaningful factual allegations.  Instead, it consists almost entirely of legal conclusions, conjecture, innuendo and implausible inferences drawn from the same.

Shetty's complaint should be dismissed in its entirety for the following reasons: First, Shetty is an interloper with no legal or contractual relationship to this loan transaction or these Defendants. He is not a borrower, nor is he a non-assuming grantee of the subject loan. Instead, his interest stems from a recent purchase of foreclosed-out junior homeowners association lien (for the

---

[1]Other similar lawsuits have been filed in the United States District Court, Central District of California, under court case number 8:13-cv-00820-AG-E, styled Shetty v. SunTrust Mortgage, Inc., et al.; court case number 2:13-cv-03483-BRO-MAN, styled Shetty v. Selene Finance, LP, et al.; court case number 2:13-cv-06403-MWF-JCG, styled Shetty v. Nationstar Mortgage, LLC, et al. (Request for Judicial Notice [RJN], Exhibits 17-19. Plaintiff also filed at least one adversary complaint with the United States Bankruptcy Court, Central District of California under court case number 1:13-ap-01028-MT, styled Shetty v. Zaharescu (Deutsche Bank National Trust Co.), et al. (RJN, Exhibit 20.)

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
*Shetty v. Western Progressive, et al.*, Court Case No. 15-cv-1402-SJO-MRW

WRIGHT FINLAY & ZAK[LLP]
ATTORNEYS AT LAW

approximate sum of $3000) which was subordinate and entirely unrelated to the loan at issue. Second, California courts have routinely ruled that even borrowers do not have standing to assert the type of pre-foreclosure preemptive challenges that Shetty attempts to assert here. Since Shetty status as a last-minute gatecrasher should not bestowed more than rights and that bestowed on the actual borrower, his claims must likewise fail. Further, since has not and cannot allege that he has or is willing to tender the full amount due and owing on the subject loan, his claims cannot survive as a matter of law.

For the reasons set forth herein in greater detail, each and every claim alleged is defective as to Defendants, and as such, Plaintiff's entire Complaint should be dismissed without leave to amend.

## II.   FACTS

### A. Loan and Foreclosure

On or about June 16, 2005, Sarah Lim Kim ("Kim" or "Borrower") obtained a loan from Countrywide Bank ("Countrywide") in the amount of $851,250.00 ("Loan"), which was secured a deed of trust ("Deed of Trust") encumbering real property located at 3331 Wolf Creek Court, Simi Valley, California 93063 ("Subject Property"). Request for Judicial Notice ("RJN"), Exhibit 1. Under the Deed of Trust, Kim was the borrower under the Loan and the trustor, Countrywide was the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary and ReconTrust Company, N.A. ("ReconTrust") was the trustee. Kim subsequently defaulted under the terms of the Loan by failing to make her monthly payment due on December 1, 2008 and all payments thereafter. RJN, Exhibit 2.

Thereto, a Notice of Default was recorded on February 16, 2012. *Id.* Plaintiff failed to cure the default, and on July 30, 2012, a Notice of Trustee's Sale was recorded. (RJN, Exhibit 3.)

Though not required by law, several assignments of deed of trust were recorded indicating that the , Notably, on June 12, 2011, an Assignment of Deed of

2

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

1  Trust ("BAC Assignment") was recorded with the Ventura County Recorder's
2  Office.  According to the BAC Assignment the beneficial rights and interests under
3  the Deed of Trust were assigned to the BAC Home Loans Servicing, LP, fka
4  Countrywide Home Loans Servicing, LP. RJN, Exhibit 4.  On November 5, 2014,
5  another Assignment of Deed of Trust ("Christiana Trust Assignment") was
6  recorded, indicating that the beneficial rights and interests under the Deed of Trust
7  were subsequently assigned to Christiana Trust, a division of Wilmington Savings
8  Fund Society, FSB, Not In Its Individual Capacity, but as Trustee of ARLP Trust 3
9  9 ("Christiana Trust"). RJN, Exhibit 5.

On December 11, 2015, a new Notice of Trustee's Sale was recorded. RJN,
11 Exhibit 6.

**III.   DISCUSSION**

**A. The Standards Applied to a Motion to Dismiss**

A court should dismiss a complaint, pursuant to *Federal Rules of Civil Procedure* ("FRCP"),Rule 12(b)(6) and made applicable to these proceedings pursuant to *Federal Rules of Bankruptcy Procedure* ("FRBP"), Rule 7012, when its allegations fail to state a claim upon which relief can be granted. Although a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief"(*FRCP* Rule 8(a)(2)), it must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements"(*Id.*),or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); see also, *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("…to be entitled to the presumption of truth, allegations … may not simply recite the elements of a cause of action, but must

3

1  contain sufficient allegations of underlying facts to give fair notice and to enable
2  the opposing party to defend itself effectively.")

3      Additionally, judicially noticeable matters may be considered when
4  deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v.*
5  *Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (a Court may take judicial notice of
6  public records); *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) (a
7  Court may take judicial notice of its own records or records of any other Court).

8  **B.  Plaintiff's Entire Complaint Fails**

9      **1.  Plaintiff Fails To Allege A Valid Tender**

10      A valid and viable tender is a necessary prerequisite to any attempt to
11  challenge a foreclosure sale. A party seeking to challenge a foreclosure sale
12  appears in equity and is thus required to do equity before a court will exercise its
13  equitable powers. *Arnold's Mgmt. Corp. v. Eischen,* 158 Cal. App. 3d 575, 578-
14  579 (1984).

15      Consistent with this principle, an action to set aside a trustee's sale for
16  irregularities in sale notice or procedure must be accompanied by an offer to tender
17  the full amount of the debt for which the property was security. *Id.* at 578; *United*
18  *States Cold Storage v. Great Western Sav. & Loan Ass'n.,* 165 Cal. App. 3d 1214,
19  1222 (1985). "This rule . . . is based upon the equitable maxim that a court of
20  equity will not order a useless act performed ... if plaintiffs could not have
21  redeemed the property had the sale procedures been proper, any irregularities in the
22  sale did not result in damages to the plaintiffs." *F.P.B.I. Rehab 01 v. E&G Invs.,*
23  *Ltd.,* 207 Cal. App. 3d 1018, 1021 (1989).

24      Since the origination of the tender requirement, courts have expanded its
25  application beyond the equitable causes of action to include any claim that is
26  "implicitly integrated" with the allegations of an irregular sale. *Arnolds, supra,* 158
27  Cal. App. 3d at 579 (*quoting Karlsen v. American Sav. & Loan Ass'n.,* 15 Cal.
28  App. 3d 112, 121(1971)). Thus, a foreclosure sale cannot be enjoined or set aside

4

WRIGHT FINLAY & ZAK<sup>LLP</sup>
ATTORNEYS AT LAW

1   unless the debtor tenders the amount due and owing on the note and deed of trust.
2   *MCA, Inc. v. Universal Diversified Enters. Corp.*, 27 Cal. App. 3d 170, 177 (1972).
3   "A party may not without payment of the debt, enjoin a sale by a trustee under a
4   power conferred by a deed of trust, or have his title quieted against the purchaser at
5   such a sale, even though the statute of limitations has run against the
6   indebtedness." *Sipe v. McKenna,* 88 Cal. App. 2d 1001, 1006 (1948).

7          The rules governing tender "are strict and are strictly applied." *Nguyen v.*
8   *Calhoun,* 105 Cal. App. 4th 428, 439 (2003).  Nothing short of the full amount due
9   is sufficient to constitute a valid tender. *Gaffney v. Downey Sav. & Loan Ass'n.,*
10  200 Cal. App. 3d 1154, 1165 (1988).  Tender must be (1) valid, (2) made in good
11  faith, (3) unconditional, (4) made with intent to extinguish the obligation, and the
12  party making the tender must have had the ability to perform. Civ. Code §§ 1485,
13  1486, 1494.  "[*T*]*he ability to perform must be continuous*.  The tender must be
14  kept open for a period that reasonably allows the other party an opportunity to
15  accept and perform as demanded." 1 Miller & Starr, Cal. Real Estate § 1:163 (3d
16  ed., 2011) (emphasis added).  "An offer of performance is of no effect if the person
17  making it is not able and willing to perform according to the offer." Civ. Code §
18  1495.  As explained in *T.G. McCarthy*, to be valid, an offer to tender requires the
19  party to plead facts to show that on deposit in a bank to be identified in the offer,
20  the money requisite to make good on the offer.  *T.G. McCarthy v. Grider*, 72 Cal.
21  App. 393, 405 (1925).  In *Jose Realty Co. v. Pavlicevitch*, the Court concluded that
22  an offer must be "followed by a deposit;" it "cannot be complied with a mere
23  passive ability and willingness." *Jose Realty Co. v. Pavlicevitch*, 164 Cal. 613,
24  619, 130 P. 15 (1913).  Plaintiff's lawsuit presents a challenge to the foreclosure
25  sale and to the foreclosure process.  Thus, as a matter of law, Plaintiff is required to
26  allege that he tendered or is willing and able to unconditionally tender the
27  outstanding loan balance to Defendants Ocwen and the Christiana Trust and that
28  such tender is made with intent to extinguish Plaintiff's loan obligation.  Since

ATTORNEYS AT LAW
WRIGHT FINLAY & ZAK LLP

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
*Shetty v. Western Progressive, et al.,* Court Case No. 15-cv-1402-SJO-MRW

Plaintiff has utterly failed to do so, Plaintiff's entire Complaint, and each and every claim therein, fail as a matter of law and must be dismissed.

## 2. Plaintiff Lacks Standing to Challenge Defendants' Authority To Foreclose

California law does not permit Plaintiff to challenge the Trust's standing to foreclose on the Property. Indeed, the statute authorizing the "trustee, mortgagee, or beneficiary, or any of their authorized agents" to initiate the non-judicial foreclosure process under a deed of trust does not authorize the borrower to bring a court action to determine whether the entity initiating the foreclosure process has authority to do so. *See Civil Code* § 2924 *et seq.*; *Robinson v. Countrywide Home Loans, Inc.* 199 Cal. App. 4th 42, 45-46 (2011) (*citing Gomes v. Countrywide Home Loans, Inc.* 192 Cal. App. 4th 1149, 1155-56 (2011)) (holding that California's statutory non-judicial foreclosure scheme does not permit actions initiated by borrowers to determine whether or not the foreclosing entity has authority to foreclose).

In the Complaint, Plaintiff asserts that "there is no evidence or trace of Sarah's non negotiable Note executed by her that secures the DOT" and that "the Assignments to be found in the official records for the County of Ventura...are false, fraudulent and executed by parties without authority or by individuals purporting to be the person who executed it". Complaint, ¶38; *see also*, Complaint, ¶¶ 51, 52, 54, 58-61, 64, 67-70. Here, Plaintiff is improperly demanding then that the Court test whether Defendants Ocwen and Christiana Trust have the authority to foreclose under the Deed of Trust. According to California case law, however, this is improper and does not provide Plaintiff with a valid cause of action. *Gomes, supra*, 192 Cal. App. 4th at 1154 ("nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for imply such an action.")

Plaintiff's allegations are based on nothing more than speculation relating to the publicly recorded assignment. *Id.* Specifically, Plaintiff erroneously believes that the recorded assignment *actually* transferred the Loan to the Trust. This rationale is fundamentally flawed.

First, Plaintiff's reliance on the recorded assignment is misplaced. In fact, the originating lender "**could have easily assigned the promissory note to [the trust] in an unrecorded document that was not disclosed to Plaintiff.**" *Fontenot, supra,* at 272 (emphasis added). Thus, Plaintiff's allegations fail as speculative.

Second, Plaintiff has identified no prejudice. "[A] plaintiff…has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests." *Fontenot,* 198 Cal. App. 4th at 272. Plaintiff is not the borrower under the Loan, nor is he the trustor under the Deed of Trust. **Plaintiff is merely the purchaser of a lien that is junior and subordinate to the interests of Defendants Ocwen and the Trust.** As a result, Plaintiff cannot establish any prejudice suffered in connection with the foreclosure.

## C. Plaintiff's First Claim for Slander of Title Fails

To state a claim for slander of title, Plaintiff must allege a "tortious injury to property resulting from unprivileged, false, malicious publication of disparaging statements regarding the title to property owned by plaintiff, to plaintiff's damage." *Watts v. Decision One Mortg. Co., LLC,* 09 CV 0043 JM (BLM), 2009 WL 648669, *6 (S.D. Cal. Mar. 9, 2009) (*citing Southcott v. Pioneer Title Co.,* 203 Cal. App. 2d 673, 676 (1962). A disparaging statement is one intended to cast doubt the existence or extent of one's interest in the property. *Glass v. Gulf Oil Corp.,* 12 Cal. App. 3d 412, 423 (1972).

The process of recording of the foreclosure notices is insufficient to support the claim because foreclosure notices make no claim to the Property and do not cast any doubt as to Plaintiff's ownership interest. *Watts, supra,* 2009 WL 648669

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
*Shetty v. Western Progressive, et al.,* Court Case No. 15-cv-1402-SJO-MRW

WRIGHT FINLAY & ZAK, LLP
ATTORNEYS AT LAW

1    at \*6.   Further, publication and recording of the foreclosure notices and the

2    trustee's deed is a privileged activity. "The legislature has expressly stated

3    foreclosure proceedings fall within the protections of this section. California's Civil

4    Code § 2924(d), states: 'the following shall constitute privileged communications

5    pursuant to Section 47: (1) The mailing, publication, and delivery of notices as

6    required by this section. (2) Performance of the procedures set forth in this

7    article.'" *Salazar v. Accredited Home Lenders, Inc.*, 10-CV-0319W (AJB), 2010

8    WL 2674405, \*4 (S.D. Cal. July 2, 2010).   Thus, Plaintiff's claim fails because

9    Plaintiff cannot, as a matter of law, allege the elements of the claim.

10        Plaintiff's claim also fails because Plaintiff cannot allege that Defendants

11   made a false publication that was damaging to Plaintiff.   Recorded documents

12   demonstrate that the borrower defaulted on her loan, which default caused the

13   commencement of the foreclosure process and, ultimately, the pending foreclosure

14   sale.   Any damages that Plaintiff claims to have suffered resulted not from the

15   recording of the foreclosure notices, but from the borrower's failure to make

16   payments on her Loan.   For this reason, Plaintiff's claim cannot withstand this

17   Motion.

18        **D. Plaintiff's Second Claim for Cancellation of Written Instrument**

19            **Fails**

20        As explained above, to challenge the trustee's sale "one attacking the sale

21   must 'plead[] and provid[e] an improper procedure and the resulting prejudice.'"

22   *Knapp v. Doherty,* 123 Cal. App. 4th 76, 86 n.4 (2004).   Further, to bring a claim

23   for cancellation of a written instrument, a plaintiff must allege facts affecting the

24   validity and invalidity of the instrument which is attacked. *Kroeker v. Hurlbert,* 38

25   Cal. App. 2d 261, 266 (1940); *Little v. Smith,* 47 Cal. App. 8, 12, 15 (1920).   In

26   suing to set aside a deed, plaintiff must allege all grounds which he claims entitled

27   him to the relief. *Little, supra,* at 13.   Allegations of statutory violations must be

28   alleged with particularity. (*Gomez v. Wachovia Mortg. Corp.*, CV-09-02111 SBA,

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
*Shetty v. Western Progressive, et al.*, Court Case No. 15-cv-1402-SJO-MRW

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

1   2010 WL 291817, *6 (N.D. Cal. Jan. 19, 2010) (*quoting Lopez v. Southern Cal.*

2   *Rapid Trans. Dist.,* 40 Cal. 3d 780, 795 (1985).

3         Here, Plaintiff seeks to cancel the Deed of Trust and the Note, as well as the

4   recorded foreclosure notices. Complaint, ¶111-113.   However, Plaintiff did not

5   provide any facts to support his allegations that would warrant the cancellation of

6   any of these.  Accordingly, Plaintiff's claims fail and are subject to this Motion.

7         E. **Plaintiff's Third Claim for Violation of Civil Code §1788.1, et seq.**

8            **Fails**

9         The California Rosenthal Fair Debt Collection Practices Act ("RFDCPA")

10  was enacted "to prohibit debt collectors from engaging in unfair or deceptive acts

11  or practices in the collection of consumer debts, and to require debtors to act fairly

12  in entering into and honoring such debts." *Sipe v. Countrywide Bank*, 690 F. Supp.

13  2d 1141, 1151(E.D. Cal. 2010) (*citing*, Civ. Code § 1788.1).  A debt collector

14  violates the act when it engages in harassment, threats, the use of profane

15  language, false simulation of the judicial process, or when it cloaks its true nature

16  as a licensed collection agency in an effort to collect a consumer debt. *Id.*

17  (*referencing*, Civ. Code §§ 1788.10-1788.16).

18        To be subject to a claim under the RFDCPA, a defendant must be a "debt

19  collector" as defined by the RFDCPA. *Izenberg v. ETS Services, LLC*, 589 F.

20  Supp. 2d 1193, 1199 (C.D. Cal. 2008); Civ. Code § 1788.2(c).  A mortgage loan

21  servicer is not considered to be a "debt collector" under the RFDCPA, which

22  defines that term as "any person who, in the ordinary course of business, regularly,

23  on behalf of himself or herself or others, engages in debt collection." *Sipe, supra*,

24  690 F. Supp. 2d at 1151 (*citing*, Civ. Code § 1788.2(c)).  The term "debt

25  collection" means "any act or practice in connection with the collection of

26  consumer debts," and "consumer debt" means "money, property or their

27  equivalent, due or owing or alleged to be due or owing from a natural person by

28  reason of a consumer credit transaction." *Id.* (*citing*, Civ. Code § 1788.2(f)).  In

WRIGHT FINLAY & ZAK
ATTORNEYS AT LAW

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
*Shetty v. Western Progressive, et al.*, Court Case No. 15-cv-1402-SJO-MRW

1    turn, "consumer credit transaction" means "a transaction between a natural person
2    and another person in which property, services or money is acquired on credit by
3    that natural person from such other person primarily for personal, family, or
4    household purposes." *Id.* (*citing*, Civ. Code §§ 1788.2(b) & (e)).  Moreover, a
5    nonjudicial foreclosure pursuant to the power of sale provision in a deed of trust is
6    not considered as "debt collection" under the RFDCPA and "does not invoke the
7    statutory protections of the RFDCPA." *Id.* (*citing*, *Collins v. Power Default Servs.,*
8    *Inc.*, 09-4838 SC, 2010 WL 234902, *3 (N.D. Cal. Jan. 14, 2010); *Castaneda v.*
9    *Saxon Mortgage Services, Inc.*, 687 F. Supp. 2d 1191, 1197 (E.D. Cal. 2009);
10   *Gonzalez v. First Franklin Loan Services*, 1:09-CV-00941 AWI-GSA, 2010 WL
11   144862, *7 (E.D. Cal. Jan. 11, 2010) ("[F]oreclosure related actions ... do not
12   implicate the RFDCPA").  For this reason, Plaintiff's claim fails and is subject to
13   this Motion.
14          Even if Defendants could be considered as "debt collectors" who engaged in
15   "debt collection" within the meaning of the RFDCPA, Plaintiff's claim also fails
16   because Plaintiff did not allege any factual allegations establishing the applicability
17   of the RFDCPA to Defendants.  Plaintiff makes only generic and conclusory
18   allegations that do not support the claim. Specifically, Plaintiff seems to imply that
19   the mortgage debt was misrepresented to him, and the process of collecting on the
20   debt was harassing, oppressive and abusive. Complaint, ¶¶117-118.  However,
21   Plaintiff makes no allegations that Defendants attempted to collect the debt from
22   Plaintiff.  The only actions performed by Defendants consisted of pursuing a non-
23   judicial foreclosure of the Property.  As discussed above, this clearly does not fall
24   within the scope of the RFDCPA.
25          Nevertheless, beyond being extremely vague and conclusory, these
26   allegations of RFDCPA violations are insufficient to put any Defendants on notice
27   of its alleged wrongful conduct. Plaintiff provides no facts to demonstrate that
28   Defendants engaged in harassment, threats, use of profane language, false

WRIGHT FINLAY & ZAK
ATTORNEYS AT LAW

10

1  simulation of the judicial process, or cloaking of their true nature as a licensed

2  collection agency in an effort to collect a consumer debt.  Accordingly, Plaintiff's

3  claim must fail and Defendants' Motion should be granted.

4  **F. Plaintiff's Fourth Claim for Violation of California Business and**

5  **Professions Code §17200 Fails**

6  California *Business and Professions Code* section 17200 ("Section 17200")

7  prohibits any unlawful, unfair or fraudulent business acts or practices and unfair,

8  deceptive, untrue or misleading advertising. *Puentes v. Wells Fargo Home Mortg.,*

9  *Inc.*, 160 Cal. App. 4th 638, 643-644 (2008).  "Unlawful" practices are "forbidden

10  by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or

11  court-made." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838 (1999).

12  "Unfair" practices constitute "conduct that threatens an incipient violation of an

13  antitrust law, or violates the policy or spirit of one of those laws because its effects

14  are comparable to or the same as a violation of the law, or otherwise significantly

15  threatens or harms competition." *Cel-Tech Communications, Inc. v. Los Angeles*

16  *Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).  When determining "whether the

17  challenged conduct is unfair within the meaning of the unfair competition law…,

18  courts may not apply purely subjective notions of fairness." *Id.* at 184.   The

19  "fraudulent" prong under the UCL requires a showing of actual or potential

20  deception to some members of the public, or harm to the public interest. *Id.* at 180;

21  *see also*, *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457 (2006). "A

22  plaintiff alleging unfair business practices under these statutes must state with

23  reasonable particularity the facts supporting the statutory elements of the

24  violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).

25  Plaintiff's claim fails because Plaintiff did not allege any facts to

26  demonstrate a conduct by Defendants that could be classified as an unlawful,

27  fraudulent, or unfair business act or practice.  Plaintiff did not allege any conduct

28  by Defendants that could constitute a violation of an antitrust law, or to violate the

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

policy or spirit of such law. *See Wilson v. Hynek*, 207 Cal. App. 4th 999 (2012); *Durrell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1366 (2010). Further, Plaintiff did not allege any conduct by Defendants that could be found to significantly threaten or harm competition. For this reason alone, Plaintiff's claim fails and is subject to this Motion.

In addition, Plaintiffs' Claim fails because Plaintiff did not allege any facts to demonstrate his standing to allege his claim against Defendants. To have standing to allege a claim for violation of section 17200, a plaintiff must allege that he suffered an injury-in-fact as a result of the unfair competition. Cal. *Bus. & Prof. Code* §17204; *Durrell, supra*, 183 Cal. App. 4th at 1359. Plaintiff did not and cannot allege that he suffered an injury-in-fact as a result of Defendants' purportedly deceptive conduct. Thus, Plaintiff's claim fails.

Lastly, Plaintiff's claim fails because it is predicated on his remaining causes of action, all of which fail. "[S]ection 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable…." *Puentes, supra*, 160 Cal. App. 4th at 643-644. Here, for the reasons set forth in this Motion, all of the remaining claim asserted in this Complaint fail. As a result, this claim for unfair business practices cannot stand independently and is subject to this Motion.

### G. Plaintiff's Fifth Claim for Quiet Title Fails

Plaintiffs' claim for quiet title fails as a matter of law because Plaintiff did not allege the elements necessary to state the claim. An action to quiet title is asserted to establish one's title against adverse claims to real or personal property or any interest therein. Civ. Proc. § 760.020(a). An adverse claim includes any legal or equitable right, title, estate, lien or interest in the property or a cloud on title. Civ. Proc. § 760.010(a). To plead a claim for quiet title, a complaint must be verified and must contain: (1) a legal description of the property and the street address or common designation, if any; (2) the title of the plaintiff as to which a

WRIGHT FINLAY & ZAK<sup>LLP</sup><br>ATTORNEYS AT LAW

12

determination of quiet title is sought; (3) the adverse claims to plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer for determination of plaintiff's title against the adverse claims. Civ. Proc. § 761.020. Further, Plaintiff must also allege that he paid any debt owed on the property. (*See, Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) ("A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness"); *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) ("[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured"); *see also, Solano v. America's Servicing Co.*, 2:10-CV-02426-GEB, 2011 WL 4500874, *10 (E.D. Cal. Sept. 27, 2011). Quiet title is an equitable claim, and a plaintiff in equity must do equity in order to obtain relief. *Chavez v. Bank of America, N.A.*, CVF092133OWWSKO, 2010 WL 1854087, *16 (E.D. Cal. May 6, 2010).

In the circumstances involving an attempt by the borrower to quiet title against the beneficiary, this means repaying the money borrowed before voiding the security for the loan. *Id.* "A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.'" *Santos v. Countrywide Home Loans*, CIV.20902642WBS DAD, 2009 WL 3756337, *4 (E.D. Cal. Nov. 6, 2009) (citations omitted). Here, seeks to quiet title by cancelling the debt owed by the Borrower to Defendants. However, Plaintiff did not allege that he repaid the debt owed by the borrower. Because of this deficiency, this claim fails.

## H. Plaintiff's Sixth Claim for Declarative Fails

28 U.S.C. § 2201(a), provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction..., any court of the United States... may declare the rights and other legal relations of any interested party seeking such declaration...." For the purposes of the Declaratory Judgment Act, the "'actual

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
*Shetty v. Western Progressive, et al.*, Court Case No. 15-cv-1402-SJO-MRW

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

1   controversy' requirement is the same as the case or controversy requirement of
2   Article III of the United States Constitution. ... Issuing a declaratory judgment in a
3   case without an actual controversy is an advisory opinion, which is prohibited by
4   Article III." *Parcray v. Shea Mortg., Inc.*, CV-F-09-1942 OWW/GSA, 2010 WL
5   1659369, *9 (E.D. Cal. Apr. 23, 2010) (citations omitted).   "A 'controversy' in
6   this sense must be one that is appropriate for judicial determination ...   A
7   justiciable controversy is [not one] of a hypothetical or abstract character [or] one
8   that is academic or moot... [It is] definite and concrete, touching the legal relations
9   of parties having adverse legal interests...." *Hillblom v. United States*, 896 F.2d
10  426, 430 (9th Cir. 1990).   However, "[t]his 'claim' is ultimately a request for
11  relief-in order to weigh it, this order must examine its underlying claims." *Hafiz v.*
12  *Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043(N.D. Cal. 2009)
13  (*citing Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1192 (9th Cir. 2000)).
14      Plaintiff did not and cannot allege the existence of actual controversy
15  between himself and Defendants.   **Plaintiff is simply a holder of an interest in**
16  **the Property that is completely separate and, more importantly, junior to that**
17  **of Defendants Ocwen and the Trust.**   Because there is no relationship between
18  Plaintiff and Defendants, there can be no actual controversy.   Plaintiff's request
19  constitutes merely an improper request for an advisory opinion, which the Court
20  should not do.  As such, Plaintiff's claim fails.
21      Plaintiff's claim also fails because "'[d]eclaratory relief operates
22  prospectively to declare future rights, rather than to redress past wrongs.'
23  Therefore, '[w]here there is an accrued [claim] for a past breach of contract or
24  other wrong, declaratory relief is inappropriate.'" *Chang Bee Yang v. Sun Trust*
25  *Mortg., Inc.*, 1:10-CV-01541 AWI SK, 2011 WL 902108, * 5 (E.D. Cal. Mar. 15,
26  2011) (citations omitted).   Thus, to the extent that Plaintiff does not ask for an
27  advisory opinion, he asks the Court to impermissibly redress the alleged past
28  wrongs, which have crystalized into viable claims for relief, which Plaintiff has

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
*Shetty v. Western Progressive, et al.*, Court Case No. 15-cv-1402-SJO-MRW

WRIGHT FINLAY&ZAK LLP
ATTORNEYS AT LAW

asserted in his Complaint and which fail for the reasons set forth in this Motion, and not to declare the future rights of the parties.  Plaintiff appears to be alleging **wrongdoing that occurred in the past**, and even then, **only as to the Borrower**, not as to himself.  Since Plaintiff cannot allege any present controversy as to his rights, Plaintiff cannot establish a claim for declaratory relief.  Therefore, Plaintiff's claim fails and should be dismissed, with prejudice.

## IV.    **CONCLUSION**

Based on the foregoing, Defendants respectfully requests that this Honorable Court grant their Motion to Dismiss Plaintiff's Complaint in its entirety and without leave to amend.

<div style="margin-left: 40%">

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

</div>

Dated: March 5, 2015          By:    /S/ Marvin B. Adviento, Esq.
                                     Jonathan M. Zak, Esq.
                                     Marvin B. Adviento, Esq.
                                     Attorneys for Defendants Ocwen Loan
                                     Servicing, LLC, Western Progressive, LLC,
                                     Mortgage Electronic Registration Systems,
                                     Inc., Altisource Residential Corporation,
                                     Christiana Trust as Trustee for ARLP Trust
                                     3, Joel Pires, Jason Berkeley, Christian J.
                                     Ferrer, Jason Ayers and Samir Margetic



WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
*Shetty v. Western Progressive, et al.,* Court Case No. 15-cv-1402-SJO-MRW

## PROOF OF SERVICE

I, Marilee V. Johnson, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On March 5, 2015, I served the within **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s)  addressed as follows:

**Satish Shetty**
**20631 Ventura Blvd., #301**
**Woodland Hills, CA  91364**
**(818) 340-7600; (818) 340-7611**
***Plaintiff In Pro Per***

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.  Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to

the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[ ]   (BY GOLDEN STATE OVERNIGHT - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Golden State Overnight with the delivery fees provided for.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.


Executed on March 5, 2015, at Newport Beach, California.

Marilee V. Johnson