WRIGHT, FINLAY & ZAK, LLP
Jonathan M. Zak Esq., SBN 121592
Marvin B. Adviento, Esq., SBN 240315
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050
Fax: (949) 608-9142

Attorneys for Defendants Ocwen Loan Servicing, LLC, Western Progressive, LLC, Mortgage Electronic Registration Systems, Inc., Altisource (sued herein as Altisource Residential Corporation), Christiana Trust as Trustee for ARLP Trust 3, Joel Pires, Jason Berkeley, Christian J. Ferrer, Jason Ayers and Samir Margetic

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATISH SHETTY, An individual,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN PROGRESSIVE, LLC, A California Limited Liability Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., A Delaware Corporation; OCWEN LOAN SERVICING, LLC: ALTISOURCE RESIDENTIAL CORPORATION ; Maryland Corporation; CHRISTIANA TRUST AS TRUSTEE FOR ARLP TRUST 3, ALTISOURCE RESIDENTIAL CORPORATION; JOEL PIRES, JASON R. BERKELEY; LUIS ROLDAN, VICENTE EKACHAI RAMOS; CHRISTIAN J. FERRER, JASON AYERS, SAMIR MARGETIC AND DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO: 2:15-cv-01402-JFW-MRW<br><br>**JOINT FRCP RULE 26 REPORT**<br><br>**Scheduling Conference**<br>Date:   April 13, 2015<br>Time:   8:30AM<br>Ctrm:   16 |

1

**TO THE HONORABLE JOHN F. WALTER:**

Plaintiff Satish Shetty ("Plaintiff") and counsel for Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Western Progressive, LLC ("Western Progressive"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Altisource Residential Corporation ("Altisource"), Christiana Trust as Trustee for ARLP Trust 3 ("Christiana Trust"), Joel Pires ("Pires"), Jason Berkeley ("Berkeley"), Christian J. Ferrer ("Ferrer"), Jason Ayers ("Ayers") and Samir Margetic ("Margetic", collectively "Defendants") hereby jointly submit this report, pursuant to *Federal Rules of Civil Procedure*, Rule 26 and Local Rule 26-1.

## I. STATEMENT OF THE CASE

Plaintiff purchased the subject property upon foreclosure from a homeowner's association and asserts claims challenging the standing and authority of the various foreclosing entities and defendants to foreclose upon his property.

This case was initially filed in the Ventura County Superior Court, and was removed by Defendants to the United States District Court, Central District of California. Accordingly Plaintiff represents that he will amend his Complaint, to satisfy federal pleading standards as applicable prior to the scheduling conference.

On or about June 16, 2005, the prior owner, Sarah Lim Kim ("Kim") purportedly obtained a loan in an amount of $851,250.00 from Countrywide Bank, National Association, ("Loan"), secured by a Deed of Trust ("Deed of Trust") as against real property located at 3331 Wolf Creek Court, Simi Valley, CA 93063-6314 (hereafter the "Subject Property").

Kim's interest in the Subject Property was foreclosed upon on November 26, 2013 by the Silverthorne II Owners Association (hereafter "Silverthorne") via a trustee's sale and evidenced by a Trustee's Deed Upon Sale recorded in the official records of the Ventura County Recorder's Office on March 3, 2014 as instrument number 20140303-00025627-0 1/2.

2

JOINT RULE 26-1 REPORT
*Shetty v. Ocwen Loan Servicing, LLP, et al.*, Court Case No. 2:15-cv-01402-JFW-MRW

On or about April 25, 2014 Silverthorne sold the Subject Property to Tatonka Acquisitions Inc., a California Corporation ("Tatonka"), in which Plaintiff is a shareholder, as is evidenced by a Grant Deed recorded in the official records on May 2, 2014 as instrument number 20140502-00055616-0 1/3.

Plaintiff represents that Tatonka, thereafter transferred/sold all of their interest and title to the Plaintiff as is evidenced by a grant deed recorded in the official records of the Ventura County Recorder's Office in January 2015.

Defendants are seeking to foreclose upon its Deed of Trust. Plaintiff through this action seeks to identify the true and correct creditor/lender (if any) that may have a superior lien on the property and the amount of claim that may exist on the Subject Property at the time of Plaintiff's purchase of the property, that the Plaintiff is able and willing to tender, AND for a determination of whether or not the Defendants have any legitimate and legal right to their claims to Kim's mortgage Note and Deed of Trust upon which they are seeking to foreclose.

## II.     FRCP 26(a)(1)(A)(i) - WITNESSES:

The parties do not have complete knowledge at this time regarding all of the individuals who are likely to have discoverable information relevant to this litigation. The parties' investigation and discovery is ongoing. At this time, Defendants identify the following individuals likely to have discoverable information that they may use to support their defenses in this action:

(a) Person(s) Most Knowledgeable for Ocwen, the current servicer of the Loan. Defendants expect that these witnesses will testify regarding the origination and assignment of the loan, all disclosure made during the origination process, and Mortgage Electronic Registration Systems, Inc.'s ("MERS") involvement.

(b) Person(s) Most Knowledgeable for MERS regarding MERS' involvement with the loan.

(c) Person(s) Most Knowledgeable for Western Progressive, the foreclosure trustee under the Deed of Trust regarding the foreclosure sale of the Subject Property and the foreclosure notices.

(d) The persons or entities identified in Plaintiff's Initial Disclosures, if any. Plaintiff and Defendants expect that these witnesses will testify as to the facts alleged in the Complaint n the Action, to authenticate relevant documents, and to testify as to damages allegedly incurred.

### III. **FRCP26(a)(1)(A)(ii) - DOCUMENTS:**

Investigation and discovery are currently ongoing regarding documents, data compilations, and other tangible things which Defendants may use to support their defenses, including those documents in Plaintiff's possession. The documents pertinent to this action involve the loan, the default on payment on the loan, and the foreclosure sale of the Subject Property. Defendants reserve the right to amend or supplement this disclosure at any time after additional information becomes known. The following categories of documents are in Defendants' possession, custody or control and may be used by Defendants in defense of this Action.

    a. Note evidencing the Subject Loan.

    b. The Deed of Trust recorded regarding the Subject Property, which secures the Note.

    c. Documents related to the Deed of Trust, including, but not limited to, Substitutions of Trustee and Assignments of Deeds of Trust.

    d. Documents related to the Note, including, but not limited to endorsements, transfers, allonges evidencing a chain of title.

    e. All deposition of the parties and witnesses taken in this matter.

    f. All written discovery responses and documents produced in this Action.

    g. Foreclosure related documents, including, but not limited to, Notices of Default and Sale, and Trustee's Deed Upon Sale.

  h. Additionally, Plaintiff will support his case with relevant certified documents obtained from the Securities Exchange Commission, Court records, consent orders, various declarations made Securities exchange commission and testimonies of witnesses related to the defendants in support of his case.

IV. **FRCP26(a)(1)(A)(iii) - DAMAGES:**

Defendants are not seeking any damages at this time.

V. **FRCP 26(a)(1)(A)(iv) - INSURANCE:**

At this time, parties are not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment or to indemnify or reimburse payments made to satisfy such judgment.

VI. **LOCAL RULE 26-1(a) – COMPLEX CASES:**

The parties do not believe this is a complex case.

VII. **LOCAL RULE 26-1(b) – MOTION SCHEDULE:**

Defendants currently have a Motion to Dismiss scheduled for April 13, 2015. Plaintiff represents that he will file a First Amended Complaint, which would render Defendants' Motion to Dismiss moot.

VIII. **LOCAL RULE 26-1(c) – ADR:**

The parties do not believe this case is suitable for ADR.

IX. **LOCAL RULE 26-1(d) – TRIAL ESTIMATE:**

The parties believe a court trial, if necessary, would require 3-5 days.

X. **LOCAL RULE 26-1(e) – ADDITIONAL PARTIES:**

The parties do not believe additional parties will be added.

///
///
///
///
///

XI. **LOCAL RULE 26-1(f) – EXPERT WITNESSES:**

While defendant anticipates no expert witness, Plaintiff anticipates several expert witnesses to testify in this case.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: March 27, 2015     By: /s/ Marvin B. Adviento
                              Jonathan M. Zak, Esq.
                              Marvin B. Adviento, Esq.
                              Attorneys for Defendants, Defendants Ocwen Loan Servicing, LLC, Western Progressive, LLC, Mortgage Electronic Registration Systems, Inc., Altisource Residential Corporation, Christiana Trust as Trustee for ARLP Trust 3, Joel Pires, Jason Berkeley, Christian J. Ferrer, Jason Ayers and Samir Margetic

Dated: March 27, 2015     By: [signature]
                              Satish Shetty
                              Plaintiff Pro Se

# PROOF OF SERVICE

I, Marilee V. Johnson, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On March 30, 2015, I served the within **JOINT FRCP RULE 26 REPORT** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Satish Shetty
20631 Ventura Blvd., #301
Woodland Hills, CA  91364
**(818) 340-7600; (818) 340-7611**
*Plaintiff In Pro Per*

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[ ]  (BY GOLDEN STATE OVERNIGHT - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Golden State Overnight with the delivery fees provided for.

[X]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 30, 2015, at Newport Beach, California.

*Marilee V. Johnson*
Marilee V. Johnson

---

PROOF OF SERVICE

2